# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 10-9027-CV-W-DW |
| v. | ) | |
| | ) | |
| ROBERT BARTON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

On August 2, 2010, the above-identified civil action was referred to the undersigned for processing and handling in accordance with the provisions of Rule 22 of the Local Rules of Procedure of the United States District Court for the Western District of Missouri, 28 U.S.C. § 636, and the governing statutes and law.

On August 11, 2010, the undersigned entered an Order directing the respondent to file an answer to the petition setting forth his challenges to the allegations and/or affirmative defenses by or before September 7, 2010.

A certified copy of the Order of September 7, 2010, was mailed to the respondent on August 11, 2010, by certified mail, return receipt requested, and also by first-class mail at the Law Office of Robert R. Barton, LLC, 301 W. 6th Terrace, Kansas City, MO 64113. The return receipt reflects that the certified mail envelope sent was signed by Robert R. Barton on August 12, 2010.

The undersigned assumes, and there is no indication to the contrary, that the copy of the order sent by first-class mail was properly delivered in the normal course of postal operations.

In United States v. First Nat. Bank of Mitchell, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the Court stated:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. United States v. Powell, 379 U.S. 48 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, the respondent has not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense. Therefore, this report and recommendation is based on the written record.

On the basis of the written record, the undersigned makes the following proposed findings of fact:

1. Andrea M. Duggar (hereafter "Officer Duggar") is employed by the Internal Revenue Service as a Revenue Officer in the Small Business/Self-Employed Compliance Area 9 of the Internal Revenue Service, in Kansas City, Missouri;

2. Officer Duggar is conducting an investigation in respect to the tax liability of respondent Barton for federal unemployment tax liabilities (Forms 940) for the years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008, and federal employment tax liabilities (Forms 941) for the quarters ending June 20, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, and December 31, 2008, and Civil Penalty for taxable year ending December 31, 2003.

3. On April 10, 2010, Officer Duggar, in furtherance of her investigation, issued a summons directed to respondent Barton. Officer Duggar personally served an attested copy of the summons on respondent Barton. The summons required respondent Barton to appear before Officer Duggar at 2:00 p.m. on April 27, 2010, to give

testimony in respect to federal unemployment tax liabilities (Forms 940) for the years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008, and federal employment tax liabilities (Forms 941) for the quarters ending June 20, 2004, September 30, 2004, December31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, and December 31, 2008, and Civil Penalty for taxable year ending December 31, 2003, and to produce for examination the books, records, papers, and other data specifically identified in the summons;

4. The respondent did not appear before Officer Duggar on April 27, 2010, and has not appeared subsequent to that date;

5. None of the information sought by the summonses is in the possession of the Internal Revenue Service.

6. The testimony, books, records, papers, and other data sought by the summons are necessary to properly to investigate the federal unemployment tax liabilities (Forms 940) for the years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007 and December 31, 2008, and federal employment tax liabilities (Forms 941) for the quarters ending June 20, 2004, September 30, 2004, December31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, and December 31, 2008, and Civil Penalty for taxable year ending December 31, 2003, in that the said testimony, books, papers, records, and other data should reveal items of income, expenses, and deductions of the taxpayer;

7. The administrative steps required by the Internal Revenue Code were followed in the issuance of the summons; and

8. There has been no recommendation made by the Internal Revenue Service to the Department of Justice for criminal prosecution of the taxpayer.

Prior to amendment by the Tax Equity and Fiscal Responsibility Act of 1982,

Section 7602, Title 26, United States Code, authorized the Secretary of the Treasury or his

delegate to issue summonses in connection with the determination of tax liability and collecting any such liability. The 1982 amendment of Section 7602 expanded the purposes for which a summons may be issued to include any inquiry into any offense connected with the administration or enforcement of the internal revenue laws.

Senate Report No. 97-494, at pages 285 and 286, contains the following statement in regard to the reasons for changing Section 7602:

> Under LaSalle, the Secretary may not use an administrative summons once the internal [sic] Revenue Service has referred a case to the Department of Justice for prosecution or has made an institutional commitment to refer case to the Department for criminal prosecution. This rule has spawned protracted litigation without any meaningful results for the taxpayer. Yet, summons enforcement proceedings should be summary in nature and discovery should be limited. See United States v. Kis 658 F.2d 256 (7th Cir. 1981). Therefore, the restrictions under present law on the use of administrative summonses once the Internal Revenue Service has made an institutional decision to abandon pursuit of a civil tax determination or collection, or has made an institutional commitment to refer a case to the Justice department, have encouraged wasteful litigation.
>
> Many tax investigations by the Internal Revenue Service have both civil and criminal aspects. The committee believes that a clear definition of when the power to issue an administrative summons exists and when it does not exist in cases with a criminal aspect will simplify administration of the laws without prejudicing the rights of taxpayers.
>
> To permit the drawing of a clear distinction, it was necessary to expand the purposes for which an administrative summons may be issued by the Internal Revenue Service.

In United States v. LaSalle National Bank, 437 U.S. 298 (1978), the Supreme Court, in reversing the denial of enforcement of an Internal Revenue Service summons on the ground that it was not issued in good faith because the investigation was solely for the purpose of gathering evidence for use in a criminal prosecution, enunciated the several requirements for enforcement of a summons issued pursuant to Section 7602 as it then existed. Those requirements were:

4

1. The summons must be issued before a recommendation by the Internal Revenue Service to the Department of Justice for criminal prosecution;

2. The Internal Revenue Service must at all times use the summons in good faith, pursuant to the Congressionally authorized purpose of 26 U.S.C. Section 7602, and this requires compliance with the standards of <u>United States v. Powell</u>, 379 U.S. 49, 57-58 (1964), which are that: (a) the investigation will be conducted pursuant to a legitimate purpose; (b) the inquiry may be relevant to that purpose; (c) the information sought is not already within the Commissioner's possession; and (d) the administrative steps required by the Code have been followed; and

3. The Internal Revenue Service must not have abandoned, in an institutional sense, the pursuit of civil tax determination or collection.

In its discussion of the issue involved in <u>LaSalle</u>, the Court stated that by including the authorization for issuance of summonses in the Internal Revenue Code, Congress has created a law enforcement system in which criminal and civil elements are inherently intertwined.  When an investigation examines the possibility of criminal misconduct, it necessarily inquires about the appropriateness of assessing the 50 percent civil tax penalty.  In short, Congress has not categorized tax fraud investigations into civil and criminal components, and any limit on the good-faith use of an Internal Revenue Service summons must reflect this statutory premise.  Because criminal and civil fraud liabilities are coterminous, the Internal Revenue Service rarely will be found to have acted in bad faith by pursuing the former.  However, a delay in submitting a recommendation to the Department of Justice, merely because the Service would like to gather additional evidence for prosecution, and the good-faith standard will not permit the Internal Revenue Service to become an information-gathering agency for other departments.

It appears to the undersigned that Congress, by the 1982 amendment of Section 7602 which authorizes the issuance of a summons for the purpose of inquiring into <u>any offense</u> connected with the administration or enforcement of the internal revenue laws, has, to a limited extent, modified the holding in <u>LaSalle</u>.

It is the RECOMMENDATION of the undersigned that the Court, after making its own independent review of the record, enter an Order directing compliance with the summons on a date and at a time agreed upon by Officer Duggar and the respondent but not later than sixty (60) days after the service of any such order directing compliance with the summons upon respondent Barton.

It is

ORDERED that the United States Marshal or other authorized person serve an attested copy of this report and recommendation upon respondent Barton at the Law Office of Robert R. Barton, LLC, 301 W. 67th Terrace, Kansas City, Missouri 64113 on or before **November 8, 2010.**

All parties and counsel are hereby reminded that each has fourteen (14) days from the date of receipt of a copy of this report and recommendation to file and serve specific written objections to the same. A failure to file and serve timely objections may result in a waiver of appeal from the report and recommendation and any Order of the Court adopting all or a portion of this report and recommendation.

        */s/ **JOHN T. MAUGHMER***
        JOHN T. MAUGHMER
        United States Magistrate Judge